UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------x
:
KIRK MUENTE, :
:
               Plaintiff, :    11 Civ. 6420 (TPG)
:
    – against – :
:    **OPINION**
M1 SUPPORT SERVICES, L.P., et al., :
:
               Defendants. :
:
---------------------------------------------x

      Plaintiff Kirk Muente brings this action against defendant M1 Support Services, L.P. ("M1 Support Services") and three additional defendants, Rio Vista-Cadence Joint Venture, Rio Vista Management, LLC, and Cadence Contract Services, LLC (collectively, "Rio Vista and Cadence"), for negligence and violation of New York law as a result of injuries suffered by plaintiff when he fell down an elevator shaft.  Following the filing of an amended complaint, Rio Vista and Cadence served an answer asserting cross-claims against M1 Support Services for common law indemnification and contribution.

      M1 Support Services now moves to dismiss the amended complaint and the cross-claims under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiff requests that the court deny the motion or, in the alternative, grant jurisdictional discovery.

      Defendant's motion is granted.  Plaintiff's request for jurisdictional discovery is denied.

The complaint makes the following allegations about the accident:

Plaintiff is a New York City firefighter and a member of the New York National Guard. On March 16, 2012, plaintiff was participating in a firefighting training exercise at Louis F. Garland Fire Academy located on Goodfellow Air Force base in Denton, Texas. Plaintiff alleges that during the exercise he was injured when he fell down an elevator shaft. He alleges that he fell because of the defendants' failure to properly secure a door that would have prevented access to the elevator shaft, failure to inspect the area, and failure to supervise plaintiff during the training exercise. Plaintiff alleges that Ml Support Services was responsible for operating, maintaining, and otherwise controlling all aspects of the training exercise.

Jurisdictional Submissions

Plaintiff's complaint alleges that M1 Support Services "has transacted business and contracted with New York business organizations to perform services and provide products both within the State of New York and outside the State of New York on a national basis in all fifty (50) states and internationally in foreign countries and territories." Plaintiff further alleges that in order to "develop this relationship with New York business associations, numerous trips into New York have been made on a regular basis" and that defendant "routinely solicits business in New York, by in person visit, mail, telephone, e-mail and other methods." More specifically, plaintiff alleges that defendant has entered into a multi-state contract with the U.S. military that requires defendant to perform services "at government locations worldwide,"

including in New York.  Plaintiff alleges that the contract requires defendant to perform services wherever they are needed, including in New York.  Based on this fact, plaintiff alleges that defendant has availed itself of the benefits and protections of New York law.  Plaintiff alleges that defendant's involvement in the training exercise in which plaintiff was injured arose out of this multi-state contract.

Plaintiff asserts that the court has personal jurisdiction over M1 Support Services under New York C.P.L.R. § 302(a)(1), which states that

> a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state;

Under this section, "a defendant is subject to personal jurisdiction if he or she has transacted business within New York, and the plaintiff's cause of action arises from that transaction."  Scottevest, Inc. v. AyeGear Glasgow Ltd., 2012 WL 1372166, at *2 (S.D.N.Y. 2012) (citing CutCo Indus. v. Naughton, 806 F.2d 361, 365 (2d Cir.1986)).

Defendant responds with an affidavit of William J. Shelt, an executive with M1 Support Services.  Shelt avers, regarding M1 Support Services, that:

- it does not do business in New York;
- it is not licensed to do business in New York;
- it has made no sales in New York since the company began operations in 2003;
- it does not have an office in New York;

- it has no employees who work in or who conduct business in New York;

- it has no agent in New York for any purpose;

- it does not advertise or market in New York;

- it does not own or lease property in New York;

- it does not target customers in New York;

- it does not derive revenue from business activities in New York;

- it does not designate an agent for service of process in New York;

- it does not maintain any bank account in New York;

- it does not supply goods or services in New York;

- it has made no contract in New York to supply goods or services since the company began operations in 2003;

- it does not have any parent, subsidiary, or affiliated company or business entity with offices or agents in New York.

In response, plaintiff submitted an affidavit of Thomas A. Boyle, Jr., an associate in the offices of plaintiff's attorney.  Essentially, Boyle does not contradict the assertions in the Shelt affidavit.  Boyle, however, relies on the assertion that M1 Support Services has a contract with the U.S. Government to provide services at locations arranged with the Government.  There is no specific allegation that any work under this contract has actually been done within New York.  This matter is discussed further in a subsequent affidavit of Shelt, which will be discussed later in this opinion.

Plaintiff also alleges that defendant entered into a contract with a New York business association, L-3 Communications.  Plaintiff alleges that this

contract demonstrates that defendant's statement that it "has not entered into any contract with any New York business association to provide goods in New York or elsewhere" is patently false. Plaintiff also states that the falsity of that statement should be considered adversely when judging the accuracy of defendant's remaining assertions.

Plaintiff alleges that under the L-3 Communications contract, defendant agrees to support L-3 Communications in a $440 million contract with the U.S. Army. However, plaintiff provided a press release detailing information on this agreement, and the press release indicates that the party to the contract was the Systems Field Support division of L-3 Communications ("L-3 SFS"). According to its website, L-3 SFS is a "portfolio company" of L-3 Communications.

Shelt submitted a further affidavit in response to the Boyle affidavit. In this second affidavit, Shelt avers as follows: M1 Support Services does indeed have a contract with the U.S. military, specifically the U.S. Air Force. However, the services at Goodfellow Air Force Base were not performed pursuant to that contract. Furthermore, Shelt avers that plaintiff misstates the nature of the contract. Shelt states that the contract allows M1 Support Services, along with ten other companies, to bid on work for which the Government issues a task order. Bidding on the work does not ensure being awarded a task order. Shelt further avers that defendant has never done work in New York pursuant to a government task order.

In response to plaintiff's allegations regarding the L-3 Communications

contract, Shelt's second affidavit states that the contract entity with which defendant does business is based in Delaware. Under the contract, M1 Support Services is required to conduct work for a customer located in Mississippi. Shelt reaffirms that M1 Support Services has performed no services in New York pursuant to this or any other contract. He also states that the contract with L-3 SFS is unrelated to the work done by defendant at Goodfellow Air Force Based where plaintiff's accident occurred.

## Discussion

As noted above, defendant moves to dismiss the complaint under Rule 12(b)(2) for lack of personal jurisdiction, while plaintiff asks that the court deny the motion or, in the alternative, grant jurisdictional discovery.

On a "motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). In the absence of or prior to jurisdictional discovery, the court presumes the truth of the complaint's allegations, construes the complaint in its most favorable light, and resolves all doubt in favor of the plaintiff, who need make only a *prima facie* showing of jurisdiction based on his own pleadings and evidentiary submissions to the court. See DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).

The plaintiff's burden "is satisfied even when the moving party makes contrary allegations that place in dispute the factual basis of plaintiff's *prima facie* case." Bensusan Rest. Corp. v. King, 937 F. Supp. 295, 298 (S.D.N.Y.

1996).  In other words, "a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction."  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  The court, however, will not draw "argumentative inferences" in the plaintiff's favor.  Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (internal quotation omitted).

New York law supplies the requirements for personal jurisdiction for an action in this district under 17 U.S.C. § 501.  See Fort Knox Music Inc. v. Baptiste, 203 F.3d 193, 196 (2d Cir. 2000).  If these requirements are met, the court must then decide whether the exercise of jurisdiction in the case comports with due process.  See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999).

As stated above, New York C.P.L.R. § 302(a)(1) provides for personal jurisdiction over a defendant who contracts to supply goods or services in New York.  However, under this section, plaintiff's cause of action must actually arise from that transaction.  See Scottevest, 2012 WL 1372166, at *2.  "Even if a defendant has engaged in purposeful acts in New York, there must also exist a substantial relationship between those particular acts and the transaction giving rise to the plaintiff's cause of action."  Pramer S.C.A. v Abaplus Intl. Corp., 76 A.D.3d 89, 95 (1st Dept. 2010).

In this case, plaintiff's key jurisdictional allegation relates to defendant's contract with the U.S. Air Force.  As described above, defendant states that this contract does not relate to New York in any way.  Although, under the

contract, defendant may bid on work for which the Government issues a task order, and although such a task order may involve work in New York, defendant has made no such bid for work in New York.  Plaintiff does not allege otherwise.  There is no indication that defendant has conducted any business in New York, let alone that plaintiff's injury was related in any way to such business.  Plaintiff has made no *prima facie* showing of jurisdiction, and, accordingly, there is no basis on which the court may assert personal jurisdiction.

However, plaintiff has requested jurisdictional discovery.  The failure to make out a *prima facie* showing of jurisdiction does not always bar jurisdictional discovery.  Ehrenfeld v. Mahfouz, 489 F.3d 542, 550 n.6 (2d Cir. 2007).  Rather, the plaintiff should receive such discovery if "facts may exist" to support jurisdiction.  Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981).  But if the plaintiff offers only "speculations or hopes . . . that further connections to New York will come to light in discovery," the court should dismiss the complaint.  Rosenberg v. PK Graphics, 2004 WL 1057621, at *1 (S.D.N.Y. May 10, 2004).

Again, there is nothing in the complaint, the amended complaint, or plaintiff's submissions in opposition to the motion to dismiss that indicates that "facts may exist" to support jurisdiction.  See Marine Midland Bank, 664 F.2d at 904.  Plaintiff has put forward only conclusory allegations, and defendant should not be subjected to the burdens of discovery when there is nothing to indicate that it may be subject to personal jurisdiction in New York.

Plaintiff's request for jurisdictional discovery is denied, and defendant's motion to dismiss the complaint, the amended complaint, and counterclaims against it is granted.

## Conclusion

For the foregoing reasons, the court grants defendant M1 Support Services' motion to dismiss the complaint, the amended complaint, and cross-claims filed against M1 Support Services because the court lacks personal jurisdiction over the defendant.

This memo resolves the motions listed as item numbers 6 and 15 on the docket.

SO ORDERED.

Dated: New York, New York
August 30, 2012

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/30/12